UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **IN RE OAKLAND PHYSICIANS MEDICAL CENTER, L.L.C.** <br><br> **YATINDER M. SINGHAL**, <br><br> Appellant, <br> v. <br><br> **BASIL SIMON**, <br><br> Appellee. | 2:19-cv-12651 <br><br> HON. TERRENCE G. BERG <br><br> **ORDER AFFIRMING BANKRUPTCY COURT'S ORDER DENYING MOTION TO QUASH GARNISHMENTS** |

In this bankruptcy case, the Trustee (Plaintiff-Appellee Basil Simon) prevailed on several claims brought in an adversarial proceeding against Defendant-Appellant Yatinder M. Singhal ("Singhal"). The Trustee filed writs of garnishment against Singhal to collect on the judgments, but now, Singhal claims the writs were issued prematurely. He argues that the bankruptcy judge's order granting summary judgment in favor of the Trustee was not a final judgment on which the Trustee could collect because there were still counts pending before the district court. However, as this Court has already held in a previous order, the bankruptcy judge had authority to enter a final judgment on the counts before it. The writs of garnishment were not issued prematurely, and Singhal's appeal will be denied.

1

## BACKGROUND

The Trustee's second amended complaint against Singhal contained seven counts. Before the claims were fully adjudicated, the district court determined which counts the bankruptcy court could make a final judgment on—known as "core" proceedings—and which counts could only be adjudged by the district court, known as "non-core" proceedings. That issue was briefed, and the district court entered an order withdrawing the reference on "non-core" counts, IV and V. Case No. 18-12147, ECF No. 10. Counts I, II, III, VI and VII remained before the bankruptcy court.

On May 23, 2019, the bankruptcy judge entered partial summary judgment in favor of Trustee on Counts I, II, III and VII, and dismissed Count VI as moot. ECF No. 3, PageID.318. Trustee filed writs of garnishment against Singhal to collect on the judgments. Singhal then filed a motion to quash the garnishments. Adv. P., ECF No. 249. He argued that the case had not been fully adjudicated because Counts IV and V were still pending in the district court. By the time the bankruptcy judge heard oral argument on the motion to quash, the district court had entered a judgment on the common law conversion claim contained in Count V while adopting the bankruptcy judge's report and recommendation with respect to Count IV and the statutory conversion claim contained in Count V. Case No. 18-12147, ECF No. 18. Accordingly, the bankruptcy judge denied the motion to quash, holding the "finality

issue [was] moot." Adv. P., ECF No. 313, PageID.2. Singhal then appealed that order, arguing that because the partial summary judgment order was not a final judgment, the writs of garnishment were issued prematurely. That motion is before the Court.

## STANDARD OF REVIEW

A bankruptcy judge's conclusions of law are reviewed de novo. *In re First Nat. Acceptance Co.*, 245 B.R. 514, 516 (E.D. Mich. 2000). Accordingly, where a motion to quash a garnishment is based on the alleged invalidity of a final judgment, the appellate court must exercise *de novo* review. *Noble v. Noble*, 456 S.W.3d 120, 128 (Mo. Ct. App. 2015).

## DISCUSSION

This same argument was previously raised by Singhal before this Court, and the Court rejected it in a prior order. *See* Case No. 19-cv-11773, ECF No. 15. There, Singhal similarly argued that the bankruptcy judge's order on summary judgment was not a final order. However, as this Court previously determined, once the non-core counts were withdrawn and transferred to the district court, the bankruptcy judge had the authority to hear and determine all core proceedings (Counts I, II, III, VI and VII) and to enter dispositive orders and judgments on such claims, subject to appellate review by the district court. *In re Chateaugay Corp.*, 111 B.R. 67 (Bkrtcy. S.D.N.Y. 1990). Likewise, the district court appropriately exercised its jurisdiction and entered a final order on the

counts before it, thereby adjudicating all claims and closing the case. *See* Case No. 18-12147, ECF No. 21.

The Court now disposes of Singhal's present appeal for the same reasons. The bankruptcy judge's order on summary judgment was final.[1] Further, any question of finality became moot when the district court entered its final order, fully adjudicating all of the claims.

Finally, even if Singhal had a cognizable claim, he has no remedy. Singhal does not contest the fact that there is a judgment against him, nor does he contest that the Trustee has the right to garnish his wages. He only argues the wages were garnished too early, before a final judgment was entered by the bankruptcy court. ECF No. 4, PageID.104. However, the district court's order, which unequivocally adjudicated all of the claims, does not change the result on the merits for Singhal. Therefore, Singhal's only remedy would be to require that the Trustee return the garnishments to him—only to later have Singhal render them back to the Trustee. That would be a fruitless exercise. Consequently, Singhal has no true remedy, and his appeal is meritless.

## CONCLUSION

For the reasons stated above, the bankruptcy court's order denying the motion to quash garnishments is **AFFIRMED**.

---

[1] Singhal admits as much in a different appeal of the bankruptcy judge's summary judgment order when he states: "[T]his appeal is from a final judgment disposing of all claims against all parties." (Case No. 19-11773, ECF No. 4, PageID.346).

4

Dated: July 22, 2020        s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE